IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALICIA M. KING,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 17-CV-3092-LRR<br><br>ORDER |

## I. INTRODUCTION

The matter before the court is Plaintiff Alicia M. King's "Motion for Attorney[] Fees Pursuant to 42 U.S.C. § 406(b)" ("Motion") (docket no. 27), which was filed on August 13, 2019.

## II. RELEVANT PROCEDURAL HISTORY

On November 13, 2017, Plaintiff Benjamin J. King filed the Complaint (docket no. 3) regarding Defendant Commissioner of Social Security's ("Commissioner") denial of disability benefits.[1] On May 17, 2018, the Commissioner filed a Motion to Remand (docket no. 15), pursuant to sentence four of 42 U.S.C. § 405(g). On May 21, 2018, the court reversed the Commissioner's decision and remanded the matter for further administrative proceedings. *See* May 21, 2018 Order (docket no. 17) at 1. On August 27, 2018, the court awarded $7,549.56 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* August 27, 2018 Order (docket no. 23) at 4. On July 6, 2019, the Commissioner sent Plaintiff Alicia M. King a "Notice of Award," stating

---

[1] Benjamin J. King died on April 27, 2019. On August 12, 2019, the court entered an Order (docket no. 26) substituting Benjamin J. King's daughter, Alicia M. King, as the Plaintiff in this matter. *See* August 12, 2019 Order at 1.

that Benjamin J. King had been entitled to disability benefits, including back benefits. *See* Exhibit B in Support of Motion (docket no. 27-2) at 1. The Notice of Award also stated that the Commissioner was withholding $28,477.00 in potential attorney fees from the back benefits payment. *See id.*

In the Motion, Plaintiff's counsel requests payment of $22,477.00 in attorney fees pursuant to 42 U.S.C. § 406(b). *See* Motion at 2. On August 13, 2019, the Commissioner filed a Response (docket no. 28) stating that he does not object to the fees requested. *See* Response at 1-2. The Commissioner further notes that, if fees are awarded under both the EAJA and § 406(b), Plaintiff's counsel "must refund the amount of the smaller fee received to the Plaintiff." *Id.* at 2.

## III. ANALYSIS

### A. Applicable Law

Pursuant to § 406(b), Plaintiff's counsel seeks attorney fees established by a contingent-fee agreement entered into with Plaintiff. *See* Exhibit A in Support of Motion (docket no. 27-1) at 1-5. "Whenever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25[%] of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that this provision allows for the payment of "contingent-fee agreements within the [25%] statutory ceiling." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-809 (2002). In this decision, however, the Supreme Court stated that § 406(b) requires that courts awarding fees independently review the contingency-fee agreements "to assure that they yield reasonable results in particular cases." *Id.* at 807. "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant . . . ." *Id.* at

808. Fees awarded by the court may be paid directly to the claimant's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 594-95 (2010) (citing 42 U.S.C. § 406(b)(1)(A)) ("It is true that the SSA makes fees awards under [§ 406(b)] payable directly to the prevailing claimant's attorney."). Finally, pursuant to the Social Security Act, "where the claimant's attorney receives fees for the same work under both [§ 406(b)] and [the EAJA], the claimant's attorney [must refund] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186.

### B. Application

Pursuant to *Gisbrecht*, the court has conducted an independent review of the contingent-fee arrangement in this matter. Plaintiff was awarded approximately $113,908.00 in back benefits in this case. *See* Exhibit B in Support of Motion at 1. Plaintiff's counsel seeks an award of $22,477.00 in attorney fees. *See* Motion at 2. The requested amount is approximately 20% of the back benefits, which is below the 25% cap contemplated by § 406(b). This award is also consistent with the Attorney Fee Agreement entered into between Plaintiff and counsel. *See* Exhibit A in Support of Motion at 1-5. Finally, the court notes that the Commissioner has no objection to the award requested. *See* Response at 1-2. The court has also reviewed the record of hours spent litigating this matter, which was submitted by Plaintiff's counsel and finds that it also supports an award of attorney fees. *See* Exhibit C in Support of Motion (docket no. 27-3) at 1-2. Accordingly, the court finds that Plaintiff's counsel has established that the requested attorney fees are reasonable and non-excessive. Plaintiff's counsel must refund to Plaintiff the $7,549.56 fee previously collected under the EAJA.

### IV. CONCLUSION

In light of the foregoing, **IT IS ORDERED**:

(1) The Motion (docket no. 27) is **GRANTED**;

(2) The Commissioner is **ORDERED** to pay attorney fees of $22,477.00 pursuant to the Social Security Act, 42 U.S.C. § 406(b);

(3) Plaintiff's counsel is **DIRECTED** to refund to Plaintiff the $7,549.56 fee previously awarded under the EAJA.

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA